IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY FOSTER, :
:
      Plaintiff :
:
   v. : CIVIL NO. 4:CV-13-2999
:
NURSE COLLEEN LAWRENCE, : (Judge Brann)
ET AL., :
:
      Defendants :

## MEMORANDUM

March 30, 2015

**Background**

    This pro se civil rights action pursuant to 42 U.S.C. § 1983 was filed by Johnny Foster, an inmate confined at the Dauphin County Prison, Harrisburg, Pennsylvania. Named as Defendants are Warden Dominick DeRose of the Dauphin County Prison, PrimeCare Medical Inc. ("PrimeCare") and two of its employees Medical Director Jim Yannick and Nurse Colleen Lawrence.

    Warden DeRose responded to the Complaint by filing a motion to dismiss or in the alternative a motion for more definite statement. See Doc. 16. The PrimeCare Defendants similarly submitted a motion to dismiss or in the alternative a motion for more definite statement. See Doc. 17. Both motions were

1

unopposed.

On February 19, 2015, this Court issued a Memorandum and Order addressing the Defendants' respective motions. See Doc. 22. The Memorandum concluded that the Original Complaint, even when liberally construed, was improperly attempting to establish liability against the Defendants (with the exception of Nurse Lawrence) on the basis of their respective supervisory capacities or based upon their review of Plaintiff's administrative grievances. It was also determined the allegations of verbal harassment, deliberate indifference to medical needs, and failure to train as stated did not rise to the level of constitutional violations.

Furthermore, this Court found that due to the lack of factual detail surrounding the alleged dissemination of Inmate Foster's medical information as well as Plaintiff's failure to oppose the pending motions to dismiss, a determination as to whether a one time remark attributed to Nurse Lawrence set forth a viable claim of constitutional misconduct was not possible. Thus, this Court agreed with the unopposed request that the submission of an Amended Complaint providing greater factual clarity as to the purported conduct of Lawrence was appropriate.

Based upon those concerns, Foster was directed to file an amended

complaint within twenty-one (21) days which: was no more then twenty-five (25) pages in length; stated each claim he wished to pursue in a clear and concise manner; identified all defendant[s]; and specified the relief he was seeking. Finally the Order forewarned Plaintiff that failure to submit an amended complaint or otherwise respond to the Order within the relevant time period would result in dismissal of his action for failure to prosecute.[1]  See Doc. 6, p. 5.

**Discussion**

A review of the docket show that since the February 19, 2015 Memorandum and Order, Foster has not made any filings with the Court.  The form complaint which was mailed to the Plaintiff has not been returned.  Nor has Plaintiff requested additional time in which to file an amended complaint.   Foster has also not sought reconsideration of the February 19, 2015 Memorandum and  Order.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice.  See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal

---

[1] The Plaintiff was also provided with a form civil rights complaint which this Court routinely provides to pro se litigants.

without a merits analysis). In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit <u>sua sponte</u> for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See <u>Azubuko v. Bell National Organization</u>, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

TheThird Circuit in <u>Poulis</u> set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See <u>Adams v. Trustees, NJ Brewery Trust Fund</u>, 29 F.3d 863 (3d Cir. 1994).

Adequate grounds have been established for the extreme sanction of dismissal.[2] It is initially noted that even under the most generous treatment given to Plaintiff's Original Complaint, the arguments set forth in the Defendants'

---

[2] Although <u>Azubuko</u>, 243 Fed. Appx. at 729, recognizes a "balancing under <u>Poulis</u> is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the <u>Poulis</u> analysis should be undertaken. See <u>Hernandez v. Palakovich</u>, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (<u>Poulis</u> factors must be considered before dismissing a case as a sanction for failure to follow a court order).

respective motions to dismiss or in the alternative for more definite statement were meritorious. Thus, the Original Complaint could not be allowed to proceed. Furthermore, although Foster has been granted a reasonable period of time and supplied with a form civil rights complaint he has failed to make any attempt to submit an amended complaint as directed. Accordingly, a finding of dilatoriness and willful conduct is warranted. Second, other sanctions are not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended complaint.

Based upon the present circumstances, dismissal of this action without prejudice for failure to prosecute is warranted under the standards announced in <u>Azubuko</u> and <u>Poulis</u>. An appropriate Order will enter.

BY THE COURT:

  s/ Matthew W. Brann
Matthew W. Brann
United States District Judge